IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MONICA C. COOK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEBRA F. HOBBINS, MARK B. STEINAGEL, FRANCINE A. GIANI, MICHELLINA STOFFEL, BRITTANY BUTSCH, DEBRA A. SCHILLEMAN, SUSAN M. KIRBY, MARIE PARTRIDGE, BARBARA JEFFRIES, M. PEGGY BROWN, K. JOEL ALLRED, TONYA BAILEY, JOHN R. KILLPACK, DIANA PARRISH, ALISA BANGERTER, CESCILEE RALL, RALPH C. PITTMAN, CAROL INGLESBY, and STATE OF UTAH,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-CV-00840-BSJ<br><br>District Judge Bruce S. Jenkins |

On September 28, 2016 Defendants Debra F. Hobbins, Mark B. Steinagel, Francine A. Giani, Michellina Stoffel, Brittany Butsch, Debra A. Schilleman, Susan M. Kirby, Marie Partridge, Barbara Jeffries, M. Peggy Brown, K. Joel Allred, Tonya Bailey, John R. Killpack, Diana Parrish, Alisa Bangerter, Cescilee Rall, Ralph C. Pittman, Carol Inglesby, and State of Utah filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Motion to Dismiss").[1] Plaintiff Monica C. Cook filed an opposition on December 15, 2016.[2] Defendants filed a reply on January 11, 2017.[3] Defendants' Motion to Dismiss came

---

[1] *See* Mot. to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, filed September 28, 2016 (CM/ECF No. 8) [hereinafter Motion to Dismiss].

[2] *See* Mem. in Opp'n to Defendants Mot. to Dismiss, filed December 15, 2016 (CM/ECF No. 18) [hereinafter Response to Motion to Dismiss].

before the court for hearing on January 18, 2017.[4] David S. Cook appeared on behalf of the Plaintiff. Darin B. Goff appeared on behalf of the Defendants.

At the close of oral argument, the court reserved on the matter.[5] The court asked Defendants to submit additional briefing to the court addressing whether they had complied with the notice requirement of Utah Administrative Code, Nurse Practice Act Rule R156-1-308(c). The Defendants filed the Affidavits of Tanja Salazar and Carol Inglesby on January 25, 2017 indicating that they had sent notice of license renewal to Ms. Cook. Plaintiff filed a Supplemental Memorandum Responding to the Affidavits of Tanja Salazar and Carol Inglesby on February 16, 2017.

Having considered the parties' briefs, the evidence presented, the arguments of counsel, and the relevant law, the court hereby GRANTS Defendants' Motion to Dismiss.

## DISCUSSION

In their briefing on the Motion to Dismiss, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted for each of Plaintiff's causes of action: (1) equal protection, (2) procedural due process, and (3) excessive fine and cruel and unusual punishment under the Eighth Amendment of the Constitution of the United States.[6] The court will consider each issue in turn.

According to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[7] In order "[t]o survive a motion to dismiss, a complaint must

---

[3] *See* Reply Mem. in Supp. of Mot. to Dismiss, filed January 11, 2017 (CM/ECF No. 23) [hereinafter Reply to Motion to Dismiss].
[4] *See* Minute Entry, filed January 18, 2017 (CM/ECF No. 24).
[5] *Id.*
[6] *See* Reply to Motion to Dismiss, *supra* note 3, at 1-5.
[7] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] A plaintiff is obligated "to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[9]

A. **Equal Protection Claim**

Plaintiff has not alleged facts that allow the court to plausibly infer the violation of equal protection. To survive the Motion to Dismiss, Ms. Cook's equal protection claim must allege facts that assert (1) "state action intentionally discriminates between groups of persons," and (2) there is no "upright governmental purpose" behind the distinction.[10]

The state action that Ms. Cook claims violates the Equal Protection Clause are Utah Code Section 58-31b-305(3) and Utah Administrative Code, Nurse Practice Act Rule R156-31b-303(b).[11] These regulations discuss the Advance Practice Registered Nurse ("APRN") license renewal process, which differs for individuals initially licensed before and after July 1, 1992.[12] Ms. Cook is a post-1992 APRN licensee because she received her initial APRN license after July 1, 1992.[13]

Plaintiff characterizes this regulation as state action that impermissibly discriminates between pre- and post-1992 APRNs because of the different license renewal requirements for

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).
[10] *SECSYS, LLC v. Vigil*, 666 F.3d 678, 685-86 (10th Cir. 2012).
[11] *See* Complaint, filed on July 29, 2016 (CM/ECF No. 1), ¶¶ 14, 31, 56-62 [hereinafter Complaint]; *see also* Response to Motion to Dismiss, *supra* note 2, at 1-2.
[12] For a licensee who received his initial APRN license before July 1, 1992 (pre-1992 APRNs), the licensee must "complete 30 hours of approved continuing education and 400 hours of practice," in order to renew his APRN license. Utah Admin. Code R156-31b-303(b)(i)(B). However, for a licensee who received his initial APRN license after July 1, 1992 (post-1992 APRNs), the licensee must "be currently certified or recertified in [his] specialty area of practice," by a licensing body such as the National Certification Corporation ("NCC"), in order to renew his APRN license. *Id.* at R156-31b-303(b)(i)(A).
[13] *See* Complaint, *supra* note 11, ¶ 15.

3

each group.[14] However, Ms. Cook has failed to allege facts that address whether there is an "upright government purpose" behind the distinction.[15]

As Plaintiff acknowledges, "the expressed statutory purpose of the [Utah Division of Occupational and Professional Licensing ("DOPL")] medical practitioner licensing procedure and of the Utah Nurse Practice act is to ensure the welfare and safety of patients and to guard against medical malpractice and abuse of patients."[16] She argues in her opposition to the Motion that "the burden placed on all post July 1, 1992 APRNs is obviously not required to ensure safe treatment of patients," because "all APRNs are required to treat patients competently and safely."[17]

However, the question that the court must address is "whether the state's intentional decision to discriminate can be justified by reference to some upright government purpose."[18] Indeed, "the law . . . may take cognizance of *meaningful* distinctions between individuals without violating the constitutional command of treating similarly situated persons similarly."[19]

The general purpose behind the APRN renewal process is to protect the public health and safety and prevent public harm or injury.[20] In its brief submitted to the Utah Court of Appeals, DOPL explains that the renewal requirements have been adopted for the specific purpose of assuring "that all APRNs are qualified—through *national certification* if it was available at the time of initial licensing, and by alternative means if it was not."[21] It appears that the renewal requirements for pre-1992 APRNs are an attempt to accommodate for the fact that a national certification process was not available at the time of initial licensing.

---

[14] *See id.* ¶ 57.
[15] *SECSYS, LLC v. Vigil*, *supra* note 10, at 686.
[16] *See* Complaint, *supra* note 11, ¶ 66(f).
[17] Response to Motion to Dismiss, *supra* note 2, at 2.
[18] *SECSYS, LLC v. Vigil*, *supra* note 10, at 686,
[19] *Id.* (citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439-40 (1985)).
[20] Utah Code Ann. § 58-31b-102 (West).
[21] Motion to Dismiss, *supra* note 1, ex. 7, at 36 (emphasis added).

Therefore, the intentional decision to differentiate between pre-1992 and post-1992 APRN renewal procedures is justified by the state's specific purpose of assuring all APRNs are qualified and its general purpose of protecting the public health and safety. The state does this by considering the different circumstances in place at the time of initial APRN licensing and accounts for these differences in each group's respective renewal requirements.

From the allegations in Plaintiff's complaint and the arguments offered in her response to the Motion, it cannot plausibly be inferred that the purpose is not upright or that there is no rational basis for this distinction. The court finds that the Plaintiff has failed to state an equal protection claim.

B. **Procedural Due Process Claim**

Plaintiff has not alleged facts that allow the court to plausibly infer the violation of due process. To survive the Motion to Dismiss, Ms. Cook's procedural due process claim must address (1) "whether a liberty or property interest exists," and (2) "whether the State provided sufficient procedures."[22]

Ms. Cook claims that she was "depriv[ed] of her liberty interest in her reputation," by DOPL when it revoked her license and published a notice to that effect.[23] However, Plaintiff does not assert sufficient facts that specifically address the second prong of this analysis, explain what the required due process procedures are, whether they were adequate, and how they were not followed.

The record demonstrates that Ms. Cook engaged with the administrative and judicial process over an extended period. After her license was revoked, the Board of Nursing reviewed the matter: there was a hearing; there was a record of the hearing; Ms. Cook was represented by

---

[22] *See Brown v. Univ. of Kansas*, 599 F. App'x 833, 837 (10th Cir. 2015) (unpublished).
[23] Response to Motion to Dismiss, *supra* note 2, at 6.

5

counsel at the hearing; there was an opportunity to examine and present witnesses; the administrative law judge presided at the hearing; the decision was ultimately a board decision and was adopted by DOPL.[24] The required process was followed.

Thereafter, Plaintiff appealed the DOPL decision to the Utah Court of Appeals.[25] While the court "decline[d] to review [the equal protection and due process arguments] because Cook ha[d] failed to carry her burden on appeal,"[26] it found that revoking Ms. Cook's licenses to be "a draconian response,"[27] and directed the Department of Commerce, DOPL, and Board of Nursing "to fashion a remedy consistent with [the court's] opinion."[28]

Unsatisfied, Ms. Cook filed a petition for certiorari with the Supreme Court of Utah which was denied.[29] Plaintiff did not file a petition for certiorari with Supreme Court of the United States although that process was available to her.[30] Now Ms. Cook has filed this action before this U.S. District Court.[31]

While the complaint alleges several alleged violations of due process, the majority of these alleged facts do not address whether the state provided adequate procedures.[32] The relevant fact that concerns due process here is the allegation that Ms. Cook was not notified that her

---

[24] *See* Complaint, *supra* note 11, ¶¶ 35-46; *see* Motion to Dismiss Hearing Transcript, Jan. 18, 2017, at 50:2-53:18.
[25] *See* Complaint, *supra* note 11, ¶ 47.
[26] *Cook v. Dep't of Commerce*, 2015 UT App 64, ¶ 31, 347 P.3d 5, 13, cert. denied sub nom. *Cook v. DOC*, 362 P.3d 1255 (Utah 2015).
[27] *Id.* ¶ 36.
[28] *Id.* ¶ 37.
[29] *See* Motion to Dismiss, *supra* note 1, at xi.
[30] *See* Motion to Dismiss Hearing Transcript, Jan. 18, 2017, at 28:10-17.
[31] *See* Complaint, *supra* note 11.
[32] Ms. Cook claims that procedural due process was violated because Defendants (1) failed to recognize the unconstitutionality of the statute and rule; (2) failed to comply with Utah Code Section 58-1-308(3)(a) and Rule R156-1-308(c) to notify Plaintiff of her license renewal; (3) assumed Plaintiff knew the procedure for relicensure; (4) misconstrued Plaintiff's relicensure applications; (5) misconstrued statutory language concerning sanctions; (6) ignored the purpose of the DOPL licensing procedure and Utah Nurse Practice act to ensure the welfare and safety of patients; (7) inflicted mental and emotional stress anxiety upon plaintiff by revoking her license and publishing that event; and (8) refused to correct the publication of that revocation. *See* Complaint, filed July 29, 2016 (CM/ECF No. 1), ¶ 66. Issues (1), (3)-(8) do not address whether the state provided adequate procedures. Only issue (2) has some relevance to due process and is discussed in the main text of this decision.

APRN license would soon expire (as required by statute, Utah Code, 58-1-308(a), and implemented by Utah Administrative Code, Nurse Practice Act Rule R156-1-308(c)).[33] However, affidavits submitted post-oral argument by Defendants demonstrate that a notification was generated and mailed to Ms. Cook reminding her to renew.[34] The process that historically took place was adequate.

C. **Excessive Fine Claim and Cruel and Unusual Punishment Claim**

Ms. Cook has failed to allege facts that allow the court to plausibly infer that the fine is excessive or that revocation of her license constitutes cruel and unusual punishment. To survive the Motion to Dismiss, Ms. Cook must allege facts that assert the $5,000 fine issued by DOPL was "grossly disproportional."[35]

Ms. Cook states that the $5,000 fine is excessive under the Eighth Amendment because it "was clearly excessive – completely unjustified by any law or rule and cruel and unusual

---

[33] Utah Code § 58-1-308: "(3)(a) The division shall notify each licensee in accordance with procedures established by rule that the licensee's license is due for renewal and that unless an application for renewal is received by the division by the expiration date shown on the license, together with the appropriate renewal fee and documentation showing completion of or compliance with renewal qualifications, the license will not be renewed." Utah Administrative Code, Nurse Practice Act Rule R156-1-308(c) states in part: "The procedures for renewal of licensure shall be as follows: (1) The Division shall send a renewal notice to each licensee at least 60 days prior to the expiration date shown on the licensee's license. The notice shall include directions for the licensee to renew the license via the Division's website. (2) Except as provided in Subsection(4), renewal notices shall be sent by mail deposited in the post office with postage prepaid, addressed to the last mailing address shown on the Division's automated license system . . . ."
Ms. Tanja Salazar, a DOPL employee with personal knowledge about the Division's online license renewal system, submitted an affidavit declaring that license renewal notices were generated and sent out to Ms. Cook in October 2009 and 2011. Affidavit of Tanja Salazar, filed January 1, 2017 (CM/ECF No. 25), ¶¶ 1-5. Furthermore, exhibit A to the affidavit is an example of the renewal notice that was generated and mailed to Ms. Cook. *Id.* ¶¶ 2, 4. This notice directs the licensee to renew via the Division's website as required by Utah Administrative Code, Nurse Practice Act Rule R 156-1-308(c).

[34] Affidavit of Tanja Salazar, filed January 1, 2017 (CM/ECF No. 25), ¶¶ 1-7.

[35] *Brent Brown Dealerships v. Tax Comm'n, Motor Vehicle Enf't Div.*, 2006 UT App 261, ¶ 15, 139 P.3d 296, 301.

7

punishment."[36] As noted by Defendants, DOPL issued the fine according to its fine schedule[37] in light of the fact that "Plaintiff benefited from four years' salary of unlicensed practice."[38]

Regarding Plaintiff's allegation of cruel and unusual punishment, the court finds that it has no basis because the Eighth Amendment's proscription against this type of treatment was "designed to protect those convicted of crimes."[39] Ms. Cook has not been convicted of a crime.

## CONCLUSION

For the reasons analyzed above, the court finds that Ms. Cook has failed to state a claim for relief on her equal protection, due process, and excessive fine and cruel and unusual punishment causes of actions. The court GRANTS Defendants' Motion to Dismiss. Let judgment be entered accordingly.

DATED this 10th day of March, 2017.

Bruce S. Jenkins
United States District Judge

---

[36] See Complaint, supra note 11, ¶ 71.
[37] Utah Admin. Code R156-31b-402(1)(a), (d), (q), (s), (mm), (pp).
[38] Reply to Motion to Dismiss, supra note 3, at 5.
[39] Ingraham v. Wright, 430 U.S. 651, 664 (1977).